IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Travis Little, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Marcus Rhodes, Julia Murphery, ) <br> Alex Petkousek, and Dr. Boatwright, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 4:23-cv-04662-TMC <br><br> **ORDER** |

Plaintiff Travis Little, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 27, 2023, the magistrate judge issued a proper form order notifying Plaintiff of deficiencies in his complaint and giving him an opportunity to amend the complaint and cure the deficiencies. (ECF No. 6). Plaintiff filed an amended complaint on October 10, 2023. (ECF No. 9). On October 19, 2023, the magistrate judge issued a second order directing Plaintiff to bring his action into proper form or risk dismissal of the action. (ECF No. 14). The magistrate judge specifically advised Plaintiff that the amended complaint was still subject to summary dismissal based on Eleventh Amendment immunity because Plaintiff asserted claims against Detention Center employees all in their official capacities only, and, as the magistrate judge noted, defendants sued in their official capacities are entitled to Eleventh Amendment immunity. *Id.* at 2 (citing ECF No. 9 at 2-3). On October 30, 2023, the Court received Plaintiff's second attempted amended complaint; once again, it asserted claims against Defendants in their official capacities. (ECF No. 16).

Accordingly, on November 7, 2023, the magistrate judge issued a Report and Recommendation ("Report"), recommending the Court dismiss Plaintiff's claims under § 1983 for failure to state a claim upon which relief can be granted, and that the Court dismiss the action with prejudice under § 1915(e) and § 1915A, without issuance and service of process and without a third opportunity to amend. (ECF No. 19 at 3–5).  The Report notified Plaintiff of his right to file objections thereto.  *Id*. at 6.  The Report was mailed to Plaintiff on November 7, 2023, (ECF No. 20), and has not been returned as undeliverable.  Therefore, Plaintiff is presumed to have received the Report.  Plaintiff has failed to file any objections to the Report and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead

must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 19), which is incorporated herein by reference. Accordingly, this case is **DISMISSED** with prejudice, without issuance and service of process and without leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 8, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.